On June 29, 1979 the court entered the following order:
Before Nichols, Judge, Presiding, Bennett and Smith, Judges.
*737 This case comes before the court on a motion for allowance of attorneys’ fees filed by James R. Fitzharris on behalf of himself and all other contract attorneys having an interest in the fees. The award of attorneys’ fees in the amount of $347,930.80 is 10 percent of the final judgment of $3,479,308 in favor of plaintiffs which was entered in Docket No. 59 on June 22, 1978. 42 Ind. Cl. Comm. 162. The contracts between plaintiffs and their counsel provided for compensation contingent upon recovery, not to exceed 10 percent of recovery. The contracts were approved by the Secretary of the Interior. A copy of the pending motion was mailed by Mr. Fitzharris to Peter D. Otto, Tribal Chief. The Bureau of Indian Affairs, United States Department of the Interior, and the United States Department of Justice did not participate in the litigation and did not take a position on the motion for allowance of fees. No opposition to the requested fees has been expressed to the court by the tribe.
The attorneys for plaintiffs rendered valuable legal services in successfully prosecuting the claims and in ultimately, securing payment of the final award. The course of the litigation spanned a period of about 31 years. During that time, six of the attorneys who were involved died. The claims pursued before the Indian Claims Commission were for recovery from the United States of compensation to plaintiffs for their interest in lands that were ceded by the Chippewa, Ottawa, Pottawatomie, and Wyandotte Indians to the United States pursuant to the Treaty of November 17, 1807. 7 Stat. 105. The lands encompassed the southeastern part of the present State of Michigan, together with a smaller portion of northwestern Ohio, and have been identified in the proceedings as Royce Area 66.
Counsel for the Indians were required to establish numerous complicated and difficult legal and factual matters. It was necessary to establish plaintiffs’ cápacity and right to prosecute the claims, title and acreage ceded, treaty date value of the lands ceded, and credits against the claims by defendant, as well as gratuitous offsets. The trial on plaintiffs’ capacity and right to prosecute the claims and to determine the extent of the Indians’ title required 73 days. The Commission found in favor of the Indians by decision dated June 13, 1973. 30 Ind. Cl. Comm. 388. Appeal from the Commission’s decision was taken and, *738 except for a plea not relevant here, it was affirmed by the Court of Claims on May 30, 1975. 207 Ct. Cl. 960.
Trial was next held by the Commission to determine other pertinent matters, following failure of settlement efforts. By decision dated May 11, 1978, 41 Ind. Cl. Comm. 327, the Commission determined that the tract of land ceded by the 1807 Treaty contained 3,298,637 acres with a treaty date value of $3,500,000, for which defendant paid the tribe $20,692, an unconscionable consideration. On June 22, 1978, the Commission entered a final award for the Indians, as aforesaid.
We do not undertake here to review in any detail the 31 years of work expended by counsel on behalf of their clients as support for ruling in their favor on this uncontested motion. Considering the effort expended, the time consumed, the number of attorneys involved, the professional skill exhibited, and the favorable results obtained, we conclude that the fees here sought are fair and reasonable. The fees claimed are exclusive of expenses, reimbursement of which is not claimed by the motion but will be presented later.
it is therefore ordered that the motion for award of attorneys’ fees in Docket No. 59 is granted. These fees in the amount of $347,930.80 shall be paid out of the final award of $3,479,308, entered in this docket on June 22, 1978, 42 Ind. Cl. Comm. 162, and shall be paid to James R. Fitzharris for himself and on behalf of all contract attorneys for plaintiffs in Docket No. 59, pursuant to this order and the approved contracts of employment entered into for the payment of attorneys’ fees.